# THE CHICAGO AND ALTON RAILWAY COMPANY

## *v.*

## STATE OF ILLINOIS.

*Opinion filed May 22, 1914.*

1. DEMURRAGE—*right of railroad company to charge.* The law in this State is well established, that a railroad company has a legal right to assess and collect demurrage charges for the detention of its cars. (*Schumacher* v. *C. N. W. Ry. Co.*, 207 Ill., 199; *Woolner Distilling Company* v. *P. E. Ry. Co.*, 136 Ill. App., 479.)

2. SAME—*does not depend on statute.* The fact that there is no express statute authorizing railroad companies to charge demurrage, will not defeat their claim for the same.

Winston, Payne, Strawn and Shaw, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

The claimant in this case seeks to recover demurrage from the State on account of certain coal cars having been held at the Illinois State Penitentiary at Joliet, Illinois, for a longer time than was allowed according to their tariff schedule, which was on file and approved by the Interstate Commerce Commission, at the time these charges accrued.

From May 1, 1911, to June 9, 1913, the Illinois State Penitentiary received a great many cars of coal from the Sangamon Coal Company of Springfield, Illinois, over the lines of the claimant, and very often more coal was received by them, than could be readily handled, with the result, that the yards of that institution, were often blocked with the claimant's cars. Whenever the cars in question reached their destination, the claimant, through its employees, notified the officials of the penitentiary in writing of their arrival, stating that the cars were being held at the risk of the consignee and, that unless they removed them within a certain time, demurrage charges would be assessed according to the regular rates of the Demurrage Bureau.

The claimant made repeated attempts to collect for the demurrage assessed, but was not successful. The matter was taken up and discussed at different times between the agents of the claimant, and the officials of the penitentiary, but payment of the account was refused on the ground, that no appropriation was made for this purpose. Not being able to make a satisfactory adjustment of the account, claimant filed its claim in this Court and asks that we make an award in its favor for the amount claimed.

There can be no question, but that several cars of the claimant were held at the penitentiary longer than the allotted time as fixed by the Tariff Schedule, and as it is not contended that anything was ever paid on this claim, the principal question before the Court, is whether or not the claimant is entitled to recover for demurrage charges in this case. The State in its contention against the allowance of the claim insists, that there is no law upon the statute books of this State fixing the rates of demurrage which railroad companies may charge, and that the claimant could only recover upon a *quantum meruit.*

It is also contended that there is no proof of the reasonableness of the charges, and that any award that might be made in this case would of necessity be based upon mere conjecture or speculation. That the officials of the penitentiary were aware of the fact, that they would be expected to pay demurrage on cars that were not released within the allotted time, is evidenced by many conversations and communications between the agent of the claimant, and the chief engineer of the penitentiary, who had charge of the shipment of coal delivered to the penitentiary. When pressed for a settlement of this claim, he evidently recognized the justice of it, for he wrote the Sangamon Coal Company of Springfield, Illinois, that they were shipping cars in such quantities, that he could not take care of them, and that, unless they regulated the shipments to conform to his directions, he would expect them to pay

demurrage. For nearly two (2) years, the officials in charge of the penitentiary received almost daily notices, relative to the demurrage that was being charged against them, and at no time was the reasonableness of the charges ever questioned by them.

The charges assessed were made in accordance with the claimant's regular schedule on file with the Interstate Commerce Commission, and as the State did not offer any evidence in support of their contention, with reference to the reasonableness of the charges made, we are not in position to say, that the charges are unreasonable. Neither, are we in a position to say, that the claimant was to blame for the manner in which the cars were shipped from the Sangamon Coal Company to the penitentiary.

We believe it to be well established law in this State, that a railroad company has the right to assess and collect demurrage charges for the detention of its cars (*Schumacher* v. *C. N. W. Ry. Co.*, 207 Ill., 199; *Woolner Distilling Company,* v. *P. E. Ry. Co.*, 136 App., 479), and in view of the evidence submitted to us, we are of the opinion, that the claimant is entitled to recover the amount of its claim.

We, therefore, find for the claimant, and make an award in its favor of three hundred fifty-seven ($357) dollars.